SAL NICHOLS ET AL *v.* COMMONWEALTH.

**Evidence—Secondary Evidence—Statement of Child Under Age.**
  Evidence of a witness, as to what a little girl, of 9 years of age said, as to identification of defendants, is a material fact to establish an alibi only, in an action for larceny.

**Same.**
  The best evidence of this fact, would be the statement of the girl under oath, to the jury, if capable of testifying under oath.

**Larceny.**
  In larceny, the identification of the property and its value, is essential to determine not only the offense, but the grade of the crime.

**Robbery.**
  In robbery, only a general description of the property is necessary to show that it is personalty to bar indictment for the same offense.

**Instruction—Larceny.**
  An instruction, asked for by the defendant, that "under the proof in this case the jury cannot convict the defendants of robbing R. B. Graham of money," was refused, but amended by the court "but they may convict them of robbing him of the other property named in the indictment, if they believe from the evidence they did rob him of that property," held not erroneous.

**nIdictment—Larceny.**
  An indictment for taking money "saddle pockets" and "other valuables," where it is proved the saddle pockets were taken, is held good to sustain finding of defendant guilty.

**Instruction.**
  An instruction that the jury must acquit if it is uncertain whether "James and Sanford Spradling" were of the party who committed the robbery, is erroneous, as the jury would have the right to convict one, and acquit the other.

APPEAL FROM GREENUP CIRCUIT COURT.

June 12, 1869.

OPINION OF THE COURT BY JUDGE WILLIAMS:

The appellants were indicted for robbing from the person and

possession of R. B. Grahm, "by force and violence" averred as follows, did "rob, steal, take and carry away thirteen hundred dollars in *money,* together with a pair of saddle pockets and *other valuables."*

The evidence established the robbery but it showed that the money alleged to be taken was treasury notes of the United States known as legal tenders and national bank currency.

This evidence was received without objection, the taking the saddle pockets was also established, the money being therein.

Grahm was clerk and pay-master at two iron furnaces in Geenup county some six or seven miles apart, he had been to one of the furnaces and paid off the hands and was riding over to the other to pay there when he was assaulted and robbed on the road.

Larelda Morris stated that she lived some five or six miles from the scene of the robbery, "heard two men pass her house about 10 or 11 o'clock in the day, the same day the robbery was committed, my little girl about nine years old was out and saw the men as they passed by and came in and *said right at the time that the men was Sal Nichols and Sant. Spradlin, I* had not heard of the robbery at the time."

The court excluded what the little girl said of which appellants complain.

This was a material fact to establish an alibi and only material for such purpose.

The best evidence therefore of this material fact would have been the statement of the witness, under oath, to the jury, when she could have been cross examined and her knowledge of the men tested.

There is no reason assigned for not producing her.

If she was incompetent because of her age to attest the fact under oath much more so would be her statement not under oath.

So whether the court rejected it because of her immature age or because it was secondary or hearsay instead of primary evidence it was not erroneous.  It is provided in sub. section 2, section 670 Civil Code that "infants *under ten years* and over that age, if incapable of understanding the *obligations* of an oath shall be incompetent to testify."  The mother only knew that two men passed, the essential fact was their identification as those charged This was attempted to be proved by what the little girl said, had she been of competent age her statement under oath would

have been the primary and better evidence. If she could not testify to this fact under oath much less could she do so when not under oath. The court at the instance of the Commonwealth instructed the jury that if they "believed from the evidence beyond a reasonable doubt, that said Grahm was robbed by the prisoners as aforesaid of thirteen hundred dollars in bank or treasury notes and that said paper or notes had any value whatever they are guilty under the indictment" to which the prisoners' counsel objected and excepted and this it is insisted presents an ingenious and reversable error in defendants behalf. The defendants counsel asked the court to instruct the jury that "under the proof in this case the jury cannot convict the defendants of robbing R. B. Graham of money, which the court refused but gave it with this addition: *"but they may convict them of robbing him of the other property named in the indictment if they believe from the evidence they did rob him of that property."*

The evidence of the robbing said Grahm of some thirteen hundred dollars of treasury notes and national bank paper together with a pair of saddle pockets and some other small things was permitted to go to the jury without objection or qualification. Had the evidence as to the money been objected to or after it was developed such was the character of the money had there been a motion to take it from the jury the aspect of the case would have been different. But as the allegations were robbing of "money," saddle pockets and *"other valuables"* and though technically neither would admit of evidence for robbing of treasury notes and bank paper, yet after the evidence has gone to the jury without objections and the guilt of the prisoners is made out not only in robbing the treasury notes and bank paper but the "saddle pockets" also it would be highly technical and frustrate the substantial ends of justice and maintenance of the criminal laws to set aside this finding, merely because the term money does not technically describe paper currency which passes as money, and is so regarded in common parlance and for all the substantial purposes of commerce and society, and especially as the legal averment of guilt of the prisoners was made out on the sufficient averment of taking the saddle pockets and as the proof thereon is entirely sufficient to sustain the finding.

In larceny the identification of the property and its value is esential to determine not only the offense but the grade of the

crime, but not so in robbery, a general description of the property to show that it is personalty and to bar another indictment for the same offense, without value, being all that is essential; the gravamen being the forcible and unlawful taking of personalty from another regardless of its value as will be seen by the provisions of our statute is as follows:

> "Every person guilty of robbery and burglary shall be confined in the penitentary not less than three nor more than ten years." section 1, article 5, chapter 28, 1 stant. revised statutes 381. At common law: "Robbery is the felonious and forcible taking of the property of another from his person, or in his presence, against his will, by violence or putting him in fear." *Horton's American Criminal Law section 1695.*

The rules laid down for the description of personal property, in other indictments, generally apply to robbery, but this does not include value, as in larceny, for the value of the thing taken fixes whether it be grand or petit larceny, the punishment of which is very different, whilst there are no degrees in robbery.

And in the form given to our Criminal Code for an indictment for robbery no value is set out or averred but only a description of the thing to show that it comes within the denunciation of the statute.

The defendants fourth instruction reads:

> "If from the evidence the jury are uncertain whether James *or* Sandford Spradling were of the party who committed the alleged robbery the jury are bound to acquit both of them," which the court rejected in this precise form but

gave it by substituting the conjunction *"and"* for the disjunction "or," but why should both be acquitted if it were uncertain as to the presence of one and certain as to the presence of the other? There is perceived no legal reason why one might not have been convicted and the other acquitted. The given instruction was quite as erroneous in defendant behalf as the rejected one for the connection of either by it is made to depend on the certain presence of both, and even with this advantage in their favor the jury found both guilty, thereby saying both were certainly present.

We perceive no substantial error either in giving or rejecting the other instruction. Wherefore the judgment is *affirmed.*

*Phister, for appellant.*

*Attorney General, for appellee.*